## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## BODEN STORE FIXTURES, INC., Respondent.

No. 04–75783.

NLRB No. 36–9451.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2005.*

Decided Nov. 17, 2005.

National Labor Relations Board, Regional Director, Region 19, Richard L. Ahearn, Seattle, WA, Aileen A. Armstrong, Esq., David Habenstreit, Attorney, Jason Walta, National Labor Relations Board, Washington, DC, for Petitioner.

Richard N. Van Cleave, Esq., Barran Liebman, LLP, Portland, OR, for Respondent.

Before FERGUSON, KLEINFELD, and GRABER, Circuit Judges.

MEMORANDUM **

The National Labor and Relations Board (Board) petitions for enforcement of

---

\* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

its order against Boden Store Fixtures, Inc. The Board found that Boden had violated subsections 8(a)(1) and 8(a)(5) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1), (5), and ordered it to provide information to the Pacific Northwest Regional Council of Carpenters (Regional Council). We review the Board's factual findings for substantial evidence and its legal conclusions for legal error. *NLRB v. O'Neill,* 965 F.2d 1522, 1526 (9th Cir.1992).

Boden does not contest the relevance of the requested information to the processing of a grievance concerning subcontracting practices, but instead argues that the Regional Council could not properly request that information. We disagree.

At the time the information was sought, Boden was bound by a collective bargaining agreement with the United Brotherhood of Carpenters and Joiners of America (International Union). The International Union delegated to the Regional Council the authority to investigate and process grievances. The International Union permissibly did so. *See Whisper Soft Mills, Inc. v. NLRB,* 754 F.2d 1381, 1386 (9th Cir.1984) (holding that an international union may delegate bargaining authority to members of a local union and may at its discretion select them as representatives in dealing with an employer). For this reason it is immaterial that Boden terminated its separate pre-hire agreement with the Regional Council.

Neither is it material that the National Agreement did not contain its own grievance procedure. The National Agreement incorporated by reference the agreements of local affiliates such as the Regional Council. The Regional Council's local agreement contained a detailed grievance procedure that covered the issue about which the Regional Council sought information. Accordingly, the Regional Council had authority to investigate this grievance

against Boden. *See Jervis B. Webb Co.,* 302 N.L.R.B. 316, 318 (1991) (holding that an employer had an obligation to provide information to a local union upon request because the terms of local union agreements had been incorporated by reference into the agreement that the employer had with the international union).

PETITION FOR ENFORCEMENT GRANTED.